NO. 07-12-00142-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 27, 2013

ABELARDO LOZOYA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 4542; HONORABLE RON ENNS, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Abelardo Lozoya, appeals his convictions for the offenses of arson[1] and insurance fraud,[2] and the respective sentences of confinement in the Institutional Division of the Texas Department of Criminal Justice for five years suspended for 10 years of community supervision, and two years in a State Jail suspended for five years of community supervision. Appellant puts forth essentially two issues. First, appellant contends that the evidence seized pursuant to a search warrant issued by the trial court

---

[1] See TEX. PENAL CODE ANN. § 28.02(a)(2)(B) (West 2011).

[2] See id. § 35.02(a)(1) (West 2011).

serving as a magistrate in Moore County, Texas, should have been suppressed. Second, appellant contends that the trial court erred in admitting evidence under the business records exception to hearsay. Finding no error, we affirm.

## Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to sustain the jury's findings of guilt; therefore, only the facts necessary for our decision will be recited. On November 15, 2008, appellant's 2004 Dodge Durango vehicle was found burning on a rural road in Moore County, Texas. Approximately an hour after the vehicle was discovered burning, appellant made a 911 call to report that the vehicle had been stolen.

Trooper James McDowell of the Texas Department of Public Safety was the initial investigating officer. After appellant reported the vehicle stolen, McDowell interviewed him. As a result of this interview, McDowell had questions about whether or not the vehicle had been stolen. McDowell then contacted the Texas Rangers for assistance and Ranger Phillip Ditto began an investigation. During the investigation, Ditto apparently[3] prepared an affidavit in support of a search warrant to obtain the cell phone records of phone number 806-717-9307, which trial testimony showed to belong to appellant. The warrant was signed by the trial court in its capacity as a magistrate for Moore County.

---

[3] The term "apparently" is purposefully used because the affidavit in support of the search warrant was not made a part of this record, nor was the same ever introduced at trial. Ditto's name appears as the affiant in the return and inventory of the issued warrant.

On the day trial was scheduled to begin, appellant's trial counsel filed a motion to suppress the evidence seized under the search warrant. Although the trial court heard argument based on the motion, no evidence was received. The trial court overruled the motion.

During the trial on the merits, the State offered numerous documents as business records. These exhibits were from the insurance company and the cell phone service provider. When each set of documents were offered into evidence, appellant objected on the grounds that the evidence denied him the right of confrontation of the witnesses who prepared the documents. The trial court overruled those objections.

At the conclusion of the evidence, the jury found appellant guilty of arson and insurance fraud. Appellant elected to go to the trial court on the issue of punishment. After hearing the punishment evidence, the trial court placed appellant on community supervision on each case and this appeal followed.

Appellant's issues are directed at the evidence seized by the search warrant and the business records admitted by the trial court. We will affirm the trial court's judgments.

Search Warrant

Inasmuch as appellant does not contest the probable cause supporting issuance of the warrant but rather the authority of the magistrate in Moore County to issue a warrant, we will review the trial court's denial of the motion to suppress under a *de novo* standard of review. See Keehn v. State, 279 S.W.3d 330, 334 (Tex.Crim.App. 2009)

3

(review of suppression issues not turning on historical facts or demeanor and credibility is reviewed *de novo*).

Appellant's single issue regarding the search warrant is that the magistrate in Moore County lacked the authority to issue a valid search warrant to seize cell phone records at the Sprint offices in Overland Park, Kansas. According to testimony of Jeanie Honey, an employee of Sprint, the office in Overland Park, Kansas, handles legal requests for documents that come from any of the 50 states. Honey also testified that she was the custodian of the all of these records. Appellant's theory appears to be that only a judge located in the Kansas jurisdiction or a federal judge could authorize this type of search warrant. To support this position, appellant cites the Court to the Electronic Communications Privacy Act of 1986. See 18 U.S.C.A. §§ 2510-2522 (West 2000 & West Supp. 2012). In addition, appellant cites the Court to the Stored Communications Act. See 18 U.S.C.A. §§ 2701-2712 (West 2000 & West Supp. 2012). As such, a review of these statutory references is in order.

Initially, we note that appellant's primary authority, as cited in his brief, is the Electronic Communications Privacy Act. See 18 U.S.C.A. §§ 2510-2522. A review of the act reveals that it deals with permissible and impermissible wire taps or communication interception. This act is simply not relevant to the inquiry before the Court. However, the Stored Communications Act is relevant.

Section 2703 of the Stored Communications Act sets forth the mechanism necessary for a governmental entity to obtain data stored by a provider of electronic communication services. See 18 U.S.C.A. § 2703(a). One of the methods that may be

4

used to obtain the data in question is by obtaining a warrant "issued using State warrant procedures[] by a court of competent jurisdiction." Id. It has been held that if the judicial officer signing the search warrant has authority to issue the warrant under state law, then the provisions of the Stored Communications Act have been complied with. See Hubbard v. MySpace, Inc., 788 F.Supp.2d 319, 323-24 (S.D.N.Y. 2011). Further, such warrants are not limited to the territorial jurisdiction of the issuing authority. See id. at 325.

Appellant has not, nor can he, alleged that the magistrate of Moore County lacked authority to issue a search warrant pursuant to the laws of the State of Texas. See TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. ANN. arts. 2.09 (West Supp. 2012), 2.10 (West 2005), 18.01 (West Supp. 2012). Therefore, the warrant issued complies with the federal statute, and appellant's first issue is overruled.

Business Records

Appellant next contends that the trial court committed error in admitting the records of the insurance company and the cell phone company. According to appellant, the error was that the admission of this evidence denied him his right to confront the witnesses who gave evidence against him. From appellant's argument, we ascertain that appellant is referring to his right to confront someone in each company who had personal knowledge of the events recorded in the documents the trial court admitted.

We review a trial court's decision to admit or exclude evidence for abuse of discretion. Shuffield v. State, 189 S.W.3d 782, 793 (Tex.Crim.App. 2006). A trial court does not abuse its discretion if its decision is within the zone of reasonable

5

disagreement. <u>Walters v. State</u>, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007); <u>Montogmery v. State</u>, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). We will sustain a trial court's decision if that decision is correct on any theory of law applicable to the case. <u>Romero v. State</u>, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

Appellant's complaint is directed at two specific sets of documents. The first was the documents of the insurance company, Allstate Insurance Company, that investigated the fire loss to the vehicle appellant reported stolen. The witness that sponsored the documents, Debra Dotsy, testified as to her employment and capacity with Allstate. As relates to the documents in question, Dotsy testified that they were records of the regularly conducted business of Allstate, they were made at or near the time of occurrence by an individual with personal knowledge of the events, and that it is the regular practice of Allstate to maintain such records. Dotsy further testified that the documents in question were not prepared in anticipation of the criminal litigation then ongoing. In short, Dotsy testified as to the predicate for admission of the documents as business records. <u>See</u> TEX. R. EVID. 803(6).[4]

The second set of documents that appellant complains about are those from Sprint, the cell phone company that appellant used. In the case of this set of documents, the State contends that the documents were presented with an accompanying affidavit in conformity with Rule 902. Rule 902 provides the mechanism to prove up business records with an affidavit. Appellant does not challenge the fact that these documents were, in fact, presented pursuant to Rule 902 with the

---

[4] Further reference to the Texas Rules of Evidence will be by reference to "Rule ___."

accompanying affidavit. Again, appellant relies completely on his objection to admission of the documents based upon an alleged denial of right of confrontation.

The confrontation clause's bar to admission of testimony that appellant relies upon is directed toward testimonial statements of a witness who did not appear at trial. See Crawford v. Washington, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). As an exception to the hearsay rule, business records are not considered testimonial in nature. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 324, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). This is because documents of this nature have not been produced in order to prove some fact or issue at trial, rather they were produced in the normal and regular course of the business of the entity that kept the records. Id. Accordingly, appellant was not denied his right of confrontation. See id. The trial court did not abuse its discretion in overruling appellant's confrontation clause objection. See Walters, 247 S.W.3d at 217. Appellant's second issue is overruled.

Conclusion

Having overruled appellant's issues, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice

Do not publish.